06-81301

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIV-ZLOCH

| | |
|---|---|
| RICHARD SHANNON<br>105 Mockingbird Lane<br>Delray Beach, FL 33445<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. POTTER,<br>Postmaster General,<br>United States Postal Service<br><br>Defendant. | Civ. Action No.<br>MAGISTRATE JUDGE<br>SNOW<br><br>Jury Trial Demanded |

## COMPLAINT

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction and venue is proper because Plaintiff was employed by Defendant in West Palm Beach, Florida and 180 days have passed since Plaintiff filed his formal EEO complaints of discrimination with the defendant.

### THE PARTIES

2. Plaintiff Richard Shannon resides at 105 Mockingbird Lane, Delray Beach, FL 33445.

3. On information and belief, Defendant John E. Potter, Postmaster General, United States Postal Service, is named in his official capacity as Postmaster General of the agency that employed Plaintiff within the U.S. Government.

## FACTS

4. Plaintiff was formerly employed with the United States Postal Service as a Building Equipment Mechanic, PS-8.

5. This action is filed under § 501 of the Rehabilitation Act of 1973, as amended, 20 U.S.C. § 791 et seq. ("the Rehabilitation Act") and alleges that the Defendant discriminated against the Plaintiff on the basis of his disabilities, its record of his disabilities, and its perception of him as if he were disabled, by denying him reasonable accommodations and constructively discharging him from its employment.

6. Plaintiff is also alleging discrimination based retaliation for initiating an EEO complaint against the United States Postal Service.

7. Plaintiff suffers from a heart ailment and stress and depression.

8. Plaintiff's medical conditions substantially limit his major life activities.

9. Following a heart attack in August, 1999, Plaintiff advised the United States Postal Service (hereinafter, "the agency") of his disabilities and requested that the agency provide him with reasonable accommodations that would enable him to continue performing his job duties.

10. Plaintiff provided documentation from his physicians supporting his requests for accommodations and permanent medical restrictions for Plaintiff were on file with the agency since May 2000.

11. From May 2000 to February 2005, the agency accommodated Plaintiff by allowing him to perform his job within the medical restrictions imposed by his physicians.

12. Plaintiff was able to perform the essential functions of his job with accommodations.

13. Plaintiff had no difficulty performing the building mechanic duties within the medical restrictions set by his physicians and, in fact, performed his job better than employees with no medical restrictions.

14. In 2003 and 2004, Plaintiff filed EEO complaints against the agency concerning the agency's failure to approve leave.

15. On or about February 28, 2005 the agency directed Plaintiff to work outside of his medical restrictions. The agency continued to force Plaintiff to work outside of his medical restrictions until on or about March 8, 2005.

16. On or about March 14, 2005, the agency instructed Plaintiff to provide an updated medical certification within ten days.

17. On or about May 2, 2005, the agency instructed Plaintiff to sign a modified job offer. The modified job offer was a clerk position as opposed to a position within Plaintiff's craft.

18. On or about May 2, 2005, the agency gave Plaintiff a workers compensation medical update form and told him if he did not have it completed within two days, the agency would remove his restrictions and return him to full-duty status.

19. The agency knowingly took specific actions in direct opposition to the recommendations of Plaintiff's physicians with full knowledge that these actions would cause further harm to Plaintiff.

20. By and through its conduct, defendant constructively discharged Plaintiff from his employment as of May 4, 2005.

21. Plaintiff has sustained damages as a result of defendant's unlawful conduct consisting of lost wages and benefits, front pay, front benefits, emotional distress, pain and suffering and mental anguish.

## COUNT 1

22. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-20.
23. By and through its conduct, defendant violated the Rehabilitation Act by denying him reasonable accommodations for his disabilities within his own craft.

## COUNT 2

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-22.
25. By and through its conduct, defendant violated the Rehabilitation Act by constructively discharging Plaintiff from his employment because of his disabilities, its perception of him as disabled, and its record of his disabilities.

## COUNT 3

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-24.
27. By and through its conduct, Defendant discriminated against Plaintiff in reprisal for filing EEO complaints in violation of Rehabilitation Act.

## JURY DEMAND

Plaintiff demands a trial by jury on each count in this complaint.

WHEREFORE, Plaintiff demands judgment against Defendant on Counts 1, 2 and 3 and seeks front pay/benefits, and damages to be determined by a jury for lost wages, lost benefits, compensatory damages in the sum of Three Hundred Thousand Dollars and No Cents ($300,000.00) for pain and suffering, mental anguish, emotional distress and in addition, Plaintiff demands reasonable attorneys' fees.

Date: November 30, 2006

*Richard Shannon*
Richard Shannon
Plaintiff

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

**06-81301**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
SHANNON, RICHARD

**DEFENDANTS**
UNITED STATES POSTAL SERVICE
John E. Potter, Postmaster General

(b) County of Residence of First Listed Plaintiff: **Palm Beach**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Palm Beach 06cv 81301/Zloch / Snow

Attorneys (If Known)

MAGISTRATE JUDGE SNOW

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

*PERSONAL INJURY*
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO
JUDGE                                DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 20 U.S.C. 791 et seq.
Discrimination based on disability of employee

LENGTH OF TRIAL via **3** days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **300,000.00**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD                    DATE

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 95233

12/22/06