# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

August 04, 2009

Steven M. Larimore
Clerk, U.S. District Court
400 N MIAMI AVE RM 8N09
MIAMI  FL  33128-1813

FILED by H.H. D.C.

AUG 1 0 2009

STEVEN M. LARIMORE
CLERK U.S. DIST CT.
S. D. of FLA. -- MIAMI

**Appeal Number: 08-16827-CC**
Case Style: Richard Shannon v. Postmaster General
District Court Number:  06-81301 CV-WJZ

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one folder
    Original record on appeal or review, consisting of: two volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
## For the Eleventh Circuit

No. 08-16827

District Court Docket No.
06-81301-CV-WJZ

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jun 9, 2009

THOMAS K. KAHN
CLERK

RICHARD SHANNON,

   Plaintiff-Appellant,

versus

POSTMASTER GENERAL OF UNITED STATES POSTAL SERVICE,
John E. Potter,

   Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

------------------------------------------------------------

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
AUG 0 4 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:  June 9, 2009
For the Court: Thomas K. Kahn, Clerk
By:  Patch, Jeffrey

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
                              FILED
                       U.S. COURT OF APPEALS
                         ELEVENTH CIRCUIT
                           JUNE 9, 2009
                         THOMAS K. KAHN
                             CLERK
```

No. 08-16827
Non-Argument Calendar

D. C. Docket No. 06-81301-CV-WJZ

RICHARD SHANNON,

                                Plaintiff-Appellant,

versus

POSTMASTER GENERAL OF UNITED STATES
POSTAL SERVICE,
John E. Potter,

                                Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

(June 9, 2009)

Before BIRCH, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

This case stems from alleged discrimination and retaliation against Plaintiff-Appellant Richard Shannon by his employer, the United States Postal Service (the "Postal Service"). The district court granted summary judgment in favor the Postal Service. Shannon appeals, arguing that: (1) he established a prima facie case of discrimination under the Rehabilitation Act; (2) he established a prima facie case of retaliation under the Rehabilitation Act; and (3) the district court erred in excluding certain evidence. For the reasons set forth below, we affirm the order of the district court.

## I. Facts and Background[1]

Shannon was employed as a building equipment mechanic ("BEM") at the Postal Service's Processing and Distribution Center in West Palm Beach, Florida. In 1999, Shannon had a heart attack while at work. Following his heart attack, Shannon's cardiologist certified that Shannon was "fit for light duty," but, among other things, was fully restricted from lifting more than ten pounds, pulling, pushing, carrying, and climbing. The manager of the Building Maintenance Unit, Carl Powell, was aware of these limitations. Shannon returned to work, where he was placed on "light duty status" and every thirty days he was required to submit a

---

[1] Because this case is an appeal from the grant of summary judgment, we recite the facts in the light most favorable to the non-movant, Shannon. Butler v. Ala. Dep't of Transp., 536 F.3d 1209, 1212 n.1 (11th Cir. 2008).

formal request for permission to continue his light duty status. When he stopped submitting these forms, he relied on co-workers to assist him with strenuous duties. In September 2000, Shannon submitted a form indicating that he was no longer restricted from engaging in ordinary activity, but should avoid strenuous activity. In early 2003, Shannon collapsed at work and was transported to the hospital. Following this incident, Shannon submitted medical forms indicating substantially the same restrictions on lifting, pushing, and pulling as those prescribed by his cardiologist in 1999.

In 2004, Shannon filed two complaints with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination because his supervisor instructed him to provide medical documentation in support of his request for sick leave and the Postal Service changed his sick leave to annual leave. In early 2005, John Gesswein was hired as Shannon's new immediate supervisor. On or about February 24, 2005, Gusswein informed Shannon that on February 28 Shannon would be assigned to "travel detail" because a co-worker would be retiring from that position in July. Under this role, Shannon's job description would still include performing maintenance and repair tasks, but would require traveling to various remote Postal Service facilities in the West Palm Beach area.

Shannon began his new traveling maintenance position on February 28,

2005, but on March 1, Shannon informed Gesswein that he had certain medical restrictions and could not perform the work required by the travel detail without exceeding those restrictions. Shannon resumed work at his previous assignment on March 8. On March 14, Gesswein submitted a written request for Shannon to provide documentation substantiating his physical restrictions within ten days. Shannon did not comply with this request and contacted the EEOC. On May 2, Gesswein requested that Shannon submit the requested documentation within two days, explaining that such documentation was necessary for the Postal Service to ascertain his fitness for duty and that if Shannon did not submit the information as requested, he would be returned to full-duty status with no medical restrictions. On the same day, Gesswein offered Shannon a job modification to a clerk position that had the same benefits, hours, and salary, but did not require heavy lifting or other physically-exhausting tasks. Shannon signed the modification "under protest." Shannon never submitted the medical documentation and took sick leave before beginning the clerk position. He never returned to the Postal Service.

Shannon filed his third and fourth EEOC complaints on May 16[2] and July 7, 2005, alleging that the Postal Service discriminated against him, based on his disability and in retaliation for his prior complaints, by moving him to the travel

---

[2] Shannon alleges that this complaint was filed in March, however, the record indicates that he contacted the EEOC in March, but he did not file a formal complaint until May.

4

detail position, ordering him to provide medical documentation within ten days, and "forcing" him to sign a modified job offer.

Shannon thereafter brought the instant suit under the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 20 U.S.C. § 791, et seq., alleging that he was denied reasonable accommodations for his purported disabilities and was retaliated against for filing complaints with the EEOC, in connection with his purported disabilities.[3] Following a motion by the Postal Service, the district court issued an order finding that several of Shannon's exhibits were inadmissible and that the Postal Service was entitled to summary judgment on both of Shannon's claims.

Shannon now appeals the evidentiary rulings and the grant of summary judgment on the reasonable accommodations and retaliation claims.

## II. Discussion

### A. Discrimination and Retaliation Claims

#### 1. Standard of Review

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-movant. Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[3] Shannon also asserted a constructive discharge claim, but this claim was dismissed by the district court and Shannon does not now challenge this dismissal on appeal.

with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).

  2. *Discrimination Claim*

"The [Rehabilitation] Act prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability." Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000); see also 29 U.S.C. §§ 791(g), 794(a). To establish a prima facie case of discrimination under the Rehabilitation Act, the plaintiff must show that he was: (1) disabled or perceived to be disabled; (2) a qualified individual; and (3) discriminated against on the basis of his disability. Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005).

An individual is "disabled" if he (A) has a physical or mental impairment that substantially limits one or more of his major life activities, (B) has a record of such an impairment, or (C) is regarded by his employer as having such an impairment. Cash, 231 F.3d at 1305; see also 42 U.S.C. § 12102(2).[4] Shannon, citing the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008), contends that he established the first element of a prima facie

---

[4] The standards for liability under the Rehabilitation Act serve as precedent for cases under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, and vice versa. See Cash v. Smith, 231 F.3d 1301, 1305 n.2 (11th Cir. 2000).

case of discrimination because he was unable to lift and lifting is a major life activity. Even assuming <u>arguendo</u> that lifting is a major life activity, however, Shannon has failed to establish that he is a "qualified individual."[5]

A "qualified individual" is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8); <u>see also</u> <u>Onishea v. Hopper</u>, 171 F.3d 1289, 1301 (11th Cir. 1999). "Whether a function is essential is evaluated on a case-by-case basis by examining a number of factors." <u>Davis v. Florida Power & Light Co.</u>, 205 F.3d 1301, 1305 (11th Cir. 2000). Accommodations are "reasonable" if they will allow the employee to perform the essential functions of his job. <u>LaChance v. Duffy's Draft House</u>, 146 F.3d 832, 835 (11th Cir. 1998); <u>see</u> 42 U.S.C. § 12111(9) (listing examples of reasonable accommodations, including "job restructuring, part-time or modified work schedules, [and] reassignment to a vacant position"). "An accommodation is not reasonable if it either [1] imposes undue financial and administrative burdens on a grantee or [2] requires a fundamental alteration in the nature of the program." <u>Schwarz v. City of Treasure Island</u>, 544 F.3d 1201, 1220

---

[5] The ADAAA changes the definition of major life activities to include lifting. This amendment became effective January 1, 2009, after the district court issued its order granting summary judgment in the instant case. This court has not yet issued a published opinion addressing the potential retroactive effect of the ADAAA, and need not do so here because Shannon has not established that he is a "qualified individual."

(11th Cir. 2008) (quotation marks, alteration, and citations omitted). A qualified individual with a disability is not entitled to the accommodation of his choice, but only to a reasonable accommodation. Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1285-86 (11th Cir. 1997). The plaintiff has the burden of proving that an accommodation is reasonable. Willis v. Conopco, Inc., 108 F.3d 282, 385 (11th Cir. 1997).

Shannon has not shown that he is a qualified individual because he has not shown that, with reasonable accommodations, he could perform the essential functions of his job. A sworn statement by Gesswein explained that the BEM job description included "the ability to perform arduous exertion including the intermittent lifting and carrying of heavy tools, tool boxes, and equipment on level surfaces and up ladders and stairways." Shannon admitted as much during his deposition when he answered "yes" to questions such as whether "the physical requirements [of a BEM] would include carrying heavy pieces of equipment." The Postal Service was "not required to transform the position into another one by eliminating functions that are essential to the nature of the job as it exists." Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1260 (11th Cir. 2001). Moreover, Shannon has not presented any reasonable accommodations that would enable him to perform the essential functions of his position. Shannon argues that he could

ask other employees do the lifting for him, as he did in the period following his heart attack. This is not an accommodation of the sort identified in this court's Rehabilitation Act and ADA jurisprudence, but rather a re-delegation of the essential attributes of Shannon's job description. See Holbrook v. City of Alpharetta, Ga., 112 F.3d 1522, 1528 (11th Cir. 1997) (an employer is not required to reallocate essential functions).

Because Shannon has not presented evidence showing he is a "qualified individual" within the meaning of the Rehabilitation Act, the district court did not err in granting summary judgment on his discrimination claim.

### 3. Retaliation Claim

The Rehabilitation Act incorporates the ADA's anti-retaliation provision, see 29 U.S.C. §§ 791(g), 793(d), 794(d), which provides, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a). This anti-retaliation provision is similar to Title VII's prohibition on retaliation. See Stewart, 117 F.3d at 1287. Accordingly, this court assesses retaliation claims pursuant to the Retaliation Act under the same framework used for Title VII retaliation claims. See id.

To establish a prima facie case of retaliation a plaintiff must show that:

(1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there was some causal relationship between the two events. Holifield v. Reno, 115 F.3d 1555, 1566 (11th Cir. 1997). "[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse." Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). A materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. (internal quotation and citation omitted). "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct and that the protected activity and the adverse action were not wholly unrelated." Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 590 (11th Cir. 2000) (quotations and alterations omitted). "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" Clark County School Dist. v. Breeden, 532 U.S. 268, 273 (2001). Thus, in the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007).

In this case, both parties concede that Shannon engaged in a statutorily protected expression, and thus we need only consider whether Shannon has demonstrated the existence of an adverse action and some causal relationship between the action and statutorily protected expression. Shannon alleges that Gesswein's assignment of Shannon to travel detail, request for additional medical forms within an unreasonably short period of time, threat to return Shannon to full-duty status, and transfer of Shannon to a clerk's position, all constituted adverse action related to his protected expression. We disagree.

Shannon has not demonstrated the existence of an adverse action. First, even though Shannon alleges that the transfer to travel detail was an adverse action, there was no reason for Gesswein to retaliate against him, considering that these first two complaints related to grievances unrelated to Gesswein and pre-dated Gesswein's arrival. Second, Gesswein did not give Shannon an unreasonably short amount of time to obtain the required medical forms because, even though Gesswein gave a ten-day deadline, the deadline was not enforced and Gesswein asked Shannon for the requested forms two months later, but Shannon never provided them. Third, it is not reasonable to infer from Gesswein's threat to return Shannon to full-duty for failing to provide medical updates that Gusswein was retaliating. Because Shannon refused to provide medical updates on his

11

limitations, it was reasonable for Gesswein to consider removing Shannon's restrictions. Fourth, Shannon alleges that even though the clerk's position entailed less physical labor and had the same salary, he would lose certain privileges, such as the ability to "bid" for particular vacation days based on his seniority. Shannon, however, has not provided any documentation in support of this assertion.

Shannon has also failed to establish any causal link between the alleged adverse actions and his protected expression. Shannon filed his first two complaints in March and November 2004, months before any of these alleged adverse actions, the first of which took place in February 2005. See Id. ("A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough."). Moreover, Shannon filed his last two complaints after the alleged adverse actions, thus casting further doubt on whether these actions are of the sort that "might have dissuaded a reasonable worker from making . . . a charge of discrimination." White, 548 U.S. at 68.

Shannon has failed to establish the existence of an adverse employment action. As such, the district court did not err in granting summary judgment on the retaliation claim.

B. *Evidentiary Rulings*

Shannon's final argument is that the district court abused its discretion by

excluding Exhibits C (Powell's Affidavit) and D (Powell's statement regarding Shannon's application for disability benefits).[6]

"We review a district court's rulings on the admissibility of evidence for abuse of discretion and will reverse only if the moving party establishes a substantial prejudicial effect." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1281 n.75 (11th Cir. 2008). As the district court noted, these exhibits, which Shannon submitted in connection with his opposition to the Postal Service's motion for summary judgment, failed to comply with federal and local authentication requirements. See Fed. R. Civ. P. 56(e); Fed. R. Evid. 901(a); S.D. Fla. L.R. 7.5.B. In any event, Shannon has failed to establish any substantial prejudice because the district court nonetheless discussed the substance of these exhibits and noted that they did not alter the disposition of the order.

The district court, therefore, did not abuse its discretion by excluding Exhibits C and D.

### III. Conclusion

For the reasons set forth, the rulings of the district court are hereby affirmed.

**AFFIRMED.**

---

[6] Shannon does not challenge the exclusion of Exhibits A, G, and H. Thus, he has abandoned any argument that the court improperly excluded these exhibits. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

13

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia